UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ALL AMERICAN OIL & GAS, INC., | / |
| PLAINTIFF | \| |
| | \| |
| v. | \|   Cause No. 5:13-cv-694 |
| | \| |
| HOWARD GOLDEN, FILIP MONTFORT, AND | / |
| HELEN NATHAN, | / |
| DEFENDANTS | \|   **Jury Trial Demanded** |

## COMPLAINT FOR DECLARATORY JUDGMENT

### NATURE OF THE ACTION

1.  This is an action for declaratory relief in which All American Oil & Gas, Inc. ("AAOG") seeks a determination of the parties' respective rights and obligations under a purported agreement dated August 4, 2008 (the "August 2008 Document") signed by defendants Howard Golden, Filip Montfort, Helen Nathan and by Halifax Services, Ltd.

### JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) because the parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interests and costs. This Court is authorized to issue a declaratory judgment and order all necessary or proper relief thereon, pursuant to 28 U.S.C. §2201 and §2202.

3.  Venue in this district is proper under 28 U.S.C. §1391 (d) because defendants are alien defendants who do not reside in the United States and who therefore may be sued in any district.

## PARTIES

4. Plaintiff AAOG is a Delaware corporation with its principal place of business in San Antonio, Texas which is in this judicial district.

5. Defendant Golden is an individual who resides in Prague, Czech Republic, and may be served with process at Hastalka 11, Prague 1, 11000, Czech Republic.

6. Defendant Montfort is an individual residing in Prague, Czech Republic, and may be served with process at Klimentska 46, Prague 1, 11002, Czech Republic.

7. Defendant Nathan is an individual residing in Prague, Czech Republic, and may be served with process at Klimentska 46, Prague 1, 11002, Czech Republic.

## FACTS

8. AAOG is an independent oil and gas exploration, development, and production company. The securities of AAOG are not registered. Its securities are not traded on any public exchange.

9. Defendants invested in AAOG and received shares in exchange for their investment. Golden invested as early as January 2005 and again in February 2006. Montfort first invested in AAOG in 2006. Defendants invested a combined total of approximately $100,000 in AAOG.

10. In August 2008, plaintiff and defendants signed the August 2008 Document, a copy of which is attached as **Exhibit A** hereto and incorporated herein. The August 2008 Document is governed by Delaware law. *See Id.* at ¶13.

11. Montfort asserts that he is the sole successor in interest to Halifax Services, Ltd.

12. Defendants made their investment, in whole or in part, before signing or forwarding to AAOG the August 2008 Document. Hence, defendants did not rely and could not have relied on the terms of the August 2008 Document in making their investment(s).

13. The August 2008 Document lacks legal consideration. There is no mutuality or bargained-for exchange and defendants did not give or receive anything of value in connection with the August 2008 Document. A purported contract that does not require a party to furnish consideration or oblige him to do anything lacks mutuality and is unenforceable under Delaware law.

14. Paragraph 5 of the August 2008 Document states "[t]his Agreement is the entire agreement among the parties concerning the subject matter hereof and supersedes all prior agreements concerning such subject matter, whether written or oral…" *See Id.* at ¶5. Accordingly, the Court cannot look beyond the four corners of the August 2008 Document for consideration.

15. The August 2008 Document lacks material terms that are necessary to determine defendants' purported rights. Some of the material terms that are missing from the August 2008 Document are the number of shares defendants obtained or expected to obtain, if any, and hence, importantly, a rate of return for defendants cannot be determined. Therefore, the August 2008 Document is not enforceable because material terms are missing. In the alternative, AAOG has performed all material terms of the August 2008 Document. Further in the alternative, AAOG has not breached the August 2008 Document as evidenced, in part, by defendants having stated that AAOG was not in default of certain debt obligations. Further in the alternative, any purported breach of the August 2008 Document is time barred by the applicable statute(s) of limitations.

16. Defendants have not been damaged by any act or omission of AAOG.

17. Since mid-June 2013, defendants have repeatedly threatened to file suit in Harris County, Texas, state court against AAOG based on the purported agreement of August 2008. Venue is not proper in Harris County as no party resides in Harris County and no part of the events giving rise to this controversy occurred in Harris County. Additionally, Golden – a New York attorney – knew that Morris was represented by counsel. Acting in violation of DR 7-104(a) of the New York Lawyer's Code of Professional Responsibility, Golden has engaged in improper, ex parte communications with AAOG without the consent of AAOG's counsel.

## DECLARATORY JUDGMENT

18. Plaintiff incorporates by reference all allegations preceding and following this paragraph.

19. This is a claim for a declaratory judgment under 28 U.S.C. §§2201 – 2202 and Federal Rule of Civil Procedure 57. A justiciable controversy has arisen between the parties hereto requiring the declaration of the court that plaintiff has no obligation whatsoever to defendants – either under the August 2008 Document or otherwise. This controversy is of sufficient immediacy to justify the issuance of a declaratory judgment because defendants are threatening to file suit and to do so in an improper forum – namely, in Harris County state court – for claims purportedly arising from the August 2008 Document.

20. Accordingly, plaintiff seeks a declaration and an order implementing such declaration that AAOG has no obligations or liabilities whatsoever under the August 2008 Document. The issuance of declaratory relief by this Court will terminate some or all of the existing controversy between the parties.

21. Plaintiff was required to engage counsel to bring this lawsuit and is statutorily entitled to recover its reasonable and necessary attorney fees, expenses and costs.

22. Plaintiff affirmatively pleads all matters under Rule 8(c) including, without limitation, failure of consideration, limitations, statute of frauds and wavier and such other avoidances and affirmative defenses as may be revealed through discovery and the evidence at trial.

## CONDITIONS PRECEDENT

23. All conditions precedent hereto have been satisfied or fulfilled.

## DEMAND FOR RELIEF

THEREFORE, plaintiff demands TRIAL BY JURY and that the Court enter judgment and order declaring that that plaintiff has no obligations or liabilities whatsoever under the August 2008 Document. Plaintiff further requests an order awarding plaintiff attorneys fees, court costs, and prejudgment and post-judgment interest. Plaintiff requests such other and further relief to which it is or may show itself to be justly entitled, whether at law or equity.

Plaintiff asks this Court to order a speedy hearing on this matter and advance it on the calendar.

Dated: July 31, 2013

Respectfully Submitted,

**BREWER & PRITCHARD, P.C.**

*/s/ J. Mark Brewer*
_____
J. Mark Brewer, TBN: 02965010
Three Riverway, Suite 1800
Houston, Texas 77056

(713) 209-2950
Brewer@bplaw.com
**ATTORNEY FOR PLAINTIFF
ALL AMERICAN OIL & GAS, INC.**

**<u>JURY TRIAL DEMANDED</u>**